GL Acupuncture, P.C. as Assignee of ASSELETTA COPE, Respondent-Appellant,
against
Ameriprise Auto & Home, Appellant-Respondent.



Appeal and cross appeal from an order of the Civil Court of the City of New York, Kings County (Pamela L. Fisher, J.), entered February 6, 2013. The order, insofar as appealed from by defendant, denied the branches of defendant's motion seeking summary judgment upon the first, seventh and eighth causes of action and, upon a search of the record, granted plaintiff summary judgment upon those causes of action. The order, insofar as cross-appealed from by plaintiff, granted the branches of defendant's motion seeking summary judgment dismissing the second through sixth causes of action.




ORDERED that the order, insofar as appealed from, is modified, by striking the provision, which, upon a search of the record, awarded summary judgment to plaintiff upon the first, seventh and eighth causes of action; as so modified, the order, insofar as appealed from, is affirmed, without costs; and it is further,
ORDERED that the order, insofar as cross-appealed from, is reversed, without costs, and the branches of defendant's motion seeking summary judgment dismissing the second through sixth causes of action are denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that defendant had timely and properly denied the claims at issue based on plaintiff's failure to appear for duly scheduled examinations under oath (EUOs). Defendant appeals from so much of the order as denied the branches of its motion seeking summary judgment upon the first, seventh and eighth causes of action and, upon a search of the record, granted plaintiff summary judgment upon those causes of action. Plaintiff cross-appeals from so much of the order as granted the branches of defendant's motion seeking summary judgment dismissing the second through sixth causes of action.
Because defendant failed to submit proof by someone with personal knowledge attesting to the nonappearance of plaintiff for the EUOs in question, defendant's motion for summary judgment dismissing the complaint should have been denied in its entirety (see Bright Med. Supply Co. v IDS Prop. & Cas. Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51123[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Alrof, Inc. v Safeco Natl. Ins. Co., 39 Misc 3d 130[A], 2013 NY Slip Op 50458[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Defendant contends that the court erred in searching the record and granting summary judgment to plaintiff upon the first, seventh and eighth causes of action. A court "may search the record and grant summary judgment in favor of a nonmoving party only with respect to a cause of action or issue that is the subject of motions before the court . . . . In this case, the [Civil] Court erred in searching the record, since [plaintiff's prima facie case] was not the subject of the motion before it" (Geoffrey S. Matherson & Assoc. v Siegler, 305 AD2d 457, 458 [2003] [internal quotation marks and citations omitted]).
Accordingly, the order, insofar as appealed from, is modified, by striking the provision, [*2]which, upon a search of the record, awarded summary judgment to plaintiff upon the first, seventh and eighth causes of action. The order, insofar as cross-appealed from, is reversed and the branches of defendant's motion seeking summary judgment dismissing the second through sixth causes of action are denied.
Pesce, P.J., Aliotta and Elliot, JJ., concur.
Decision Date: March 17, 2016